IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

RONALD SAMUEL JACKSON,    )
    )
    Petitioner,    )
    )
v.    )    Civil Action No. 3:13CV607–HEH
    )
ERIC WILSON,    )
    )
    Respondent.    )

## MEMORANDUM OPINION
(Dismissing 28 U.S.C. § 2241 Petition for Want of Jurisdiction)

Ronald Samuel Jackson, a federal inmate proceeding *pro se*, submitted a 28 U.S.C. § 2241[1] petition. Jackson was convicted in United States District Court for the Western District of Virginia ("the Sentencing Court") for conspiracy to distribute and possess with intent to distribute fifty grams or more of cocaine base. *See United States v. Jackson*, 166 F. App'x 54, 55 (4th Cir. 2006). The Sentencing Court sentenced Jackson to the statutory minimum sentence of twenty years for that offense. *Id.* at 56–57.[2] In his

---

[1] That statute provides, in pertinent part:

(c) The writ of habeas corpus shall not extend to a prisoner unless—
    (1) He is in custody under or by color of the authority of the United States or is committed for trial before some court thereof; or
    (2) He is in custody for an act done or omitted in pursuance of an Act of Congress, or an order, process, judgment or decree of a court or judge of the United States; or
    (3) He is in custody in violation of the Constitution or laws or treaties of the United States . . . .

28 U.S.C. § 2241(c)(1)–(3).

[2] On April 1, 2008, the Sentencing Court dismissed a 28 U.S.C. § 2255 motion filed by Jackson. *Jackson v. United States*, No. 7:07–cv–00191, 2008 WL 916876, at *4 (W.D. Va. Apr. 1, 2008).

§ 2241 Petition, Jackson challenges that sentence. (§ 2241 Pet. 7.) For the reasons set forth below, the action will be DISMISSED for want of jurisdiction.

### A. Motions under 28 U.S.C. § 2255 Compared to Petitions under 28 U.S.C. § 2241

A motion pursuant to 28 U.S.C. § 2255 provides the primary means of collateral attack on the imposition of a federal conviction and sentence and must be filed with the sentencing court. *See Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000) (quoting *Cox v. Warden, Fed. Det. Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990)). A federal inmate may not proceed under 28 U.S.C. § 2241 unless he or she demonstrates that the remedy afforded by 28 U.S.C. § 2255 "is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e).[3] For example, "attacks on the execution of a sentence are properly raised in a § 2241 petition." *In re Vial*, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997) (citing *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996); *Hanahan v. Luther*, 693 F.2d 629, 632 n.1 (7th Cir. 1982)). Nevertheless, the United States Court of Appeals for the Fourth Circuit has emphasized that "the remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision or because an individual is procedurally barred from filing a § 2255 motion." *Id.* (citations omitted).

---

[3] "This 'inadequate and ineffective' exception is known as the 'savings clause' to [the] limitations imposed by § 2255." *Wilson v. Wilson*, No. 1:11cv645 (TSE/TCB), 2012 WL 1245671, at *3 (E.D. Va. Apr. 12, 2012) (quoting *In re Jones*, 226 F.3d 328, 333 (4th Cir. 2000)).

2

The Fourth Circuit has stressed that an inmate may proceed under § 2241 to challenge his conviction "in only very limited circumstances." *United States v. Poole*, 531 F.3d 263, 269 (4th Cir. 2008) (citation omitted) (internal quotation marks omitted). The "controlling test," *id.*, in the Fourth Circuit is as follows:

> [Section] 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner *was convicted is deemed not to be criminal*; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

*In re Jones*, 226 F.3d 328, 333-34 (4th Cir. 2000) (emphasis added). The Fourth Circuit formulated this test to provide a remedy for the "fundamental defect presented by a situation in which *an individual is incarcerated for conduct that is not criminal* but, through no fault of his [or her] own, [he or she] has no source of redress." *Id.* at 333 n.3 (emphasis added).

### B. Analysis of Jackson's 28 U.S.C. § 2241 Petition

Jackson fails to satisfy the second prong of *In re Jones*. *See id.* at 334. Specifically, Jackson fails to demonstrate that "subsequent to [his] direct appeal and [his] first § 2255 motion, the substantive law changed such that the conduct of which [he] *was convicted is deemed not to be criminal.*" *Id.* (emphasis added). The conduct of which Jackson stands convicted, conspiracy to distribute and possess with intent to distribute fifty grams or more of cocaine base, remains a crime. Moreover, "Fourth Circuit

precedent has . . . not extended the reach of the savings clause to those petitioners challenging only their sentence." *Poole*, 531 F.3d at 267 n. 7 (citing *In re Jones*, 226 F.3d at 333–34); *Patterson v. Wilson*, No. 3:12CV66, 2013 WL 101544, at * 3 (E.D. Va. Jan. 8, 2013) ("The Fourth Circuit's refusal to allow petitioners to utilize § 2241 to challenge a career offender designation applies with equal force to a challenge to an enhanced sentence under 21 U.S.C. § 851.") (citations omitted).

Accordingly, the Court will dismiss Jackson's 28 U.S.C. § 2241 Petition for want of jurisdiction.

An appropriate Order shall issue.

                                         /s/
                              HENRY E. HUDSON
Date: Sept 23 2013       UNITED STATES DISTRICT JUDGE
Richmond, Virginia

4